UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                                            Criminal No. 05-81166
                                                            Hon. John Feikens

    v.

ARMANDO CARBALLO-ARGUELLES,

    Defendant.

_____/

**SENTENCING OPINION**

At Defendant's sentencing hearing on July 25, 2006, I granted in part Defendant's motion for a sentence below the Guidelines range, and I write now to explain my reasons for doing so.

**I.    BACKGROUND**

Defendant Armando Carballo-Arguelles was charged with unlawful re-entry after deportation after an aggravated felony, 8 U.S.C. § 1326(b)(2). He pleaded guilty to the charge without a plea agreement on January 11, 2006, and has remained in custody since the time of his arrest.

The Presentence Report ("PSR") describes the offense conduct as follows. In February 1986, Defendant was convicted in the Michigan Third Circuit Court of malicious destruction of personal property. In March 1989, Defendant was convicted in the Michigan Third Circuit Court of assault with intent to murder, possession of a firearm in commission of a felony, and attempt possession of a controlled substance. In January 2003, Defendant was convicted in the U.S.

District Court for the Southern District of Texas for unlawful reentry into the United States. In July 2005, Defendant was convicted in the Florida Ninth Circuit Court for aggravated stalking. In August 2005, the Michigan Department of Corrections notified Immigration and Customs Enforcement agents that Defendant was back in custody for a parole violation, and the present case was initiated in December 2005. Immigration history record checks showed that between 1977 and 2003, Defendant had been deported or ordered deported to Mexico seven times. Defendant has not alleged that he applied for or received permission to re-enter the United States after deportation.

The PSR states that Defendant was born in an impoverished farming community in Mexico, and he is divorced with two adult daughters from his former wife. He has no history of mental or emotional problems, but has a long history of alcohol and illegal drug use, and believes he needs a substance abuse treatment program. At the sentencing hearing, Defendant stated that he is diabetic and was recently diagnosed with prostrate cancer.

Under the Guidelines, Defendant's total offense level is 21, and his criminal history category is VI, resulting in a range of 77 to 96 months. The government recommended a sentence within that range. Defendant requested a seven-level reduction in his total offense level, which yields a range of 37 to 46 months. I granted Defendant a one-level reduction in his total offense level, with a range of 70 to 87 months, and I sentenced him to 70 months.

**II.     ANALYSIS**

**A.     Sentencing Factors Under 18 U.S.C. § 3553(a)**

The Sentencing Guidelines are now advisory under United States v. Booker, 125 S. Ct. 738 (2005). The Sixth Circuit holds that in determining a criminal sentence, a district court must

consider the factors listed in 18 U.S.C. § 3553(a).  United States v. Williams, 436 F.3d 706, 708 (6th Cir. 2006).  Defendant seeks a variance from the Guidelines range based on two arguments: (1) the selective use of "fast track" programs in certain districts creates an unwarranted disparity in criminal sentences; and (2) Guideline § 2L1.2 considers a defendant's criminal history in calculating his offense level, producing a double-counting effect.

**B.     Fast Track Disparity**

The history and substance of fast track or early disposition programs has been described thoroughly by other courts, and I will not repeat it here.  See, e.g., United States v. Perez-Pena, No. 05-5054, 2006 U.S. App. LEXIS 16467 (4th Cir. June 30, 2006); United States v. Santos, 406 F. Supp. 2d 320 (S.D.N.Y. 2005); United States v. Galvez-Barrios, 355 F. Supp. 2d 958 (E.D. Wis. 2005).  Essentially, a defendant in a fast track district who agrees to waive certain rights is eligible for a four-level departure upon the government's motion pursuant to U.S.S.G. § 5K3.1.  United States v. Ossa-Gallegos, No. 05-5824, 2006 WL 1788984 (6th Cir. June 30, 2006).  No fast track procedure is available in the Eastern District of Michigan.  Defendant argues that the use of such procedures in some districts but not in others creates an unwarranted disparity in the sentences imposed upon similarly-situated defendants.  He requests a four-level departure in his total offense level, as would be available to him under § 5K3.1 in districts employing a fast track procedure.

18 U.S.C. § 3553(a)(6) instructs a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  Two recent Sixth Circuit cases have addressed the fast track sentencing disparity.  In United States v. Ossa-Gallegos, No. 05-5824, 2006 WL 1788984 (6th

3

Cir. June 30, 2006), the court upheld as reasonable a district court's two-level departure based on the fast track disparity after the defendant had argued on appeal that a greater departure was necessary. Three days later, however, a different Sixth Circuit panel questioned whether the fast track disparity was in fact "unwarranted" within the meaning of § 3553(a)(6). United States v. Hernandez-Fierros, No. 05-2206, 2006 WL 1806477 (6th Cir. July 3, 2006). In that case, the court affirmed the district court's decision not to grant a reduction for the fast track disparity. The court wrote, "[F]ast-track guidelines reductions were specifically authorized by statute due to the unique and pressing problems related to immigration in certain districts. As a result, such a disparity does not run counter to § 3553(a)'s instruction to avoid unnecessary sentencing disparities." Id. at *3. Other circuits have held that the fast track disparity cannot be the basis for a sentence variance below the Guidelines range. Perez-Pena, 2006 U.S. App. LEXIS 16467 (4th Cir. 2006); United States v. Galicia-Cardenas, 443 F.3d 553 (7th Cir. 2006).

For the reasons stated by those courts, I hold that the fast track disparity is not an unwarranted disparity under § 3553(a)(6). To allow a sentence reduction on that basis would be to give the benefit of a plea bargain to a defendant with whom the government does not wish to bargain. Perez-Pena, slip op. at 9. Moreover, because fast track defendants must relinquish certain rights to challenge their convictions in order to obtain lower sentences, they are not similarly situated to non-fast-track defendants who have retained those rights. Ossa-Gallegos, 2006 WL 1788984, *4. Accordingly, I denied Defendant's request for a four-level reduction based on the fast track disparity.

**C.      Double-Counting of Criminal History**

Under § 2L1.2 of the Guidelines, Defendant has a base offense level of eight, which is

4

increased by sixteen points due to his prior conviction for a violent felony. This prior conviction also increases his criminal history score by three points. Defendant sought a three-level reduction in his total offense level to offset the double-counting of his criminal history under the Guidelines.

The Sixth Circuit holds that although § 2L1.2 itself is not unreasonable, a district court may weigh the double-counting effect in determining an appropriate sentence. Hernandez-Fierros, 2006 WL 1806477, *2. Other district courts have reduced a defendant's sentence on this basis. E.g., United States v. Santos, 406 F. Supp. 2d 320 (S.D.N.Y. 2005); United States v. Galvez-Barrios, 355 F. Supp. 2d 958 (E.D. Wis. 2005). "Although it is sound policy to increase a defendant's sentence based on his prior record, it is questionable whether a sentence should be increased twice on that basis." Galvez-Barrios, 355 F. Supp. 2d at 963. The court noted that more serious crimes also received the same sixteen-level enhancement, such as theft of $5 - 10 million or fraud of $20 - 40 million. Id. at 962. Another court observed that "[n]owhere but in the illegal re-entry Guidelines is a defendant's offense level increased threefold based solely on a prior conviction." United States v. Santos-Nuez, No. 05-1232, 2006 W.L. 1409106, *6 (S.D.N.Y. May 22, 2006).

For those reasons, I granted Defendant a one-level reduction in his total offense level to mitigate the double-counting of his prior conviction. The three-level reduction requested by Defendant was not justified in light of the violent nature of Defendant's prior felony, as well as his lengthy criminal history. The PSR indicates that for Defendant's conviction of assault with intent to murder, he was shooting at his former girlfriend's house with a shotgun and seriously injured her with spray from the shotgun blast. Protection of the public is a concern in this case,

given the nature and extent of Defendant's criminal background. A sentence of 70 months is sufficient to impress upon Defendant the seriousness of his crime and to deter him from future criminal conduct, while providing for the public's protection.

## III. CONCLUSION

For the reasons discussed above, I find that a one-level reduction in Defendant's total offense level is appropriate in this case, in support of the 70-month sentence I imposed at the sentencing hearing.

Date:  August 1, 2006            s/John Feikens
                                 United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on August 1, 2006, by U.S. first class mail or electronic means.
>
> s/Carol Cohron
> Case Manager